IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENJAMIN WALLACE WILSON,

      Plaintiff,

      v.                                    CASE NO.  24-3190-JWL

JEFF EASTER, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff and state prisoner Benjamin Wallace Wilson brings this pro se action under 42 U.S.C. § 1983. It comes now before the Court on the complaint Plaintiff filed on November 25, 2024. (Doc. 4.) As explained below, the complaint suffers from several deficiencies that leave it subject to dismissal in its entirety. Plaintiff is therefore required to file an amended complaint that cures the deficiencies discussed herein. If he fails to do so in the time provided, this matter will be dismissed without further prior notice to him.

### I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. He is in custody at the Marshall County Jail in Marysville, Kansas, but the claims in this matter are based on events that occurred while Plaintiff was in custody at the Sedgwick County Detention Facility (SCDF) in Wichita, Kansas. As Defendants, Plaintiff names Sedgwick County Sheriff Jeff Easter and SCDF Jail Administrator Jared Schechter. (Doc. 4, p. 1-2.)

As the factual background for the complaint, Plaintiff alleges that between May 5, 2024 and July 10, 2024, while he was in custody at the SCDF, he was denied access to an adequate law library. *Id.* at 2-3. Plaintiff explains that the physical library available to him was out-of-date and

incomplete and the digital law library was not fully functional and did not contain adequate and accessible laws and rules. *Id.* at 2. Moreover, Plaintiff alleges that Defendants refused to allow him access to pens to draft motions and refused to photocopy documents for him at no cost. *Id.*

Plaintiff asserts two counts in this matter. As Count I, Plaintiff alleges that his Fifth Amendment rights to due process and access to the courts, as recognized in *Bounds v. Smith*, 430 U.S. 817 (1977), was violated because he was not given access to a fully functional, complete, and adequate law library. (Doc. 4, p. 3.) As Count II, Plaintiff alleges that his Fourteenth Amendment right to due process, again as recognized in *Bounds*, was violated because Defendants denied him legal copies and the pen and paper to draft motions. *Id.* Plaintiff further asserts that he "was informed after multiple meetings with [captains, lieutenants, corporals, and sergeants] that it was facility policy to den[y] the requests." *Id.* As relief, Plaintiff seeks $250,000.00 and an order that a "proper law library" be provided to SCDF inmates and kept up-to-date. *Id.* at 5.

## II.  Statutory Screening of Prisoner Complaints

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint

as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from

conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### A. Personal Participation

This action is subject to dismissal because the complaint does not sufficiently allege either Defendant's personal participation in a constitutional violation. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). The complaint now before the Court does not allege any actions personally taken by either Defendant Easter or Defendant Schechter. Rather, Plaintiff explains that Defendant Easter was the Sheriff of Sedgwick County during the time that the alleged constitutional violations occurred and Defendant Schechter "is in control of the staff and operations at" SCDF. (Doc. 4, p. 1-2.) At another point, liberally construing the complaint, Plaintiff alleges that unnamed SCDF officials told him that "it was facility policy to den[y] the requests" for legal copies, a pen, and paper. *Id.* at 3. Even assuming this is true, Plaintiff has not shown sufficient personal participation by either named Defendant.

"[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."

*Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). A viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 124, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)).

Because vicarious liability does not apply in suits under 42 U.S.C. § 1983 and the complaint does not allege facts showing that either Defendant personally participated in the condition of the law library or the denial of Plaintiff's requests for pen, paper, or legal photocopies, both Defendants are subject to dismissal, which means that this matter is subject to dismissal in its entirety. The Court will, however, grant Plaintiff time in which to submit a complete and proper amended complaint that alleges facts that, if taken as true, demonstrate the required personal participation by each Defendant.

### B.  Failure to State a Claim

Plaintiff is also advised that both Counts in the complaint now before the Court are subject to dismissal because neither states a plausible claim for relief. Count I and  Count II are based on the premise that Defendants violated Plaintiff's constitutional right to access the courts, but Plaintiff has failed to allege sufficient facts to support his claims.

As Plaintiff points out, the United States Supreme Court has long recognized that "States must protect the right of prisoners to access to the courts by providing them with law libraries or alternative sources of legal knowledge." *See Bounds*, 430 U.S. at 817-18 (citing *Younger v. Gilmore*, 404 U.S. 15 (1971)); *see also Lewis v. Casey*, 518 U.S. 343, 346 (1996) ("'[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'"). But the United States Supreme

Court has also recognized that an inmate bringing an access-to-the-courts challenge based upon "the alleged inadequacies of a prison's library facilities or legal assistance program" must show that the inadequacies caused "actual injury." *See Lewis v. Casey*, 518 U.S. 343, 348-49 (1996). This is "[b]ecause *Bounds* did not create an abstract, freestanding right to a law library or legal assistance." *Id.* at 351. Rather,

> "meaningful access to the courts is the touchstone," [*Bounds*, 430 U.S. at 823] (internal quotation marks omitted), and the inmate therefore must . . . demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was stymied by inadequacies of the law library that he was unable to even file a complaint.

*Id. See also Christopher v. Harbury*, 536 U.S. 403, 412-14 (2002) (recognizing two categories of access cases that parallel these examples); *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998) ("To present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions.").

That being said, "the injury requirement is not satisfied by just any type of frustrated legal claim." *See Lewis*, 518 U.S. at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. In other words, to state a plausible claim of violations of the constitutional right to access the courts, Plaintiff must allege facts that, if true, demonstrate that he "was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." *See Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 356.

6

Moreover, identifying the claim that was frustrated by the alleged denial of access to the courts is important because "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *See Christopher*, 536 U.S. at 414-15. Put another way, if the alleged denial of access did *not* frustrate or hinder an arguable, nonfrivolous claim, the denial of access caused no injury. Accordingly, "the underlying cause of action . . . is an element [of a denial of access claim] that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.* at 415.

In the complaint now before this Court, Plaintiff has not identified a nonfrivolous claim regarding his sentence or the conditions of his confinement that was frustrated by the inadequacies of the law library available for inmates of the SCDF or that was frustrated by the refusal to provide him with a pen and make photocopies for him at no cost. Thus, he has not stated a plausible claim that his constitutional right to access the courts was violated, and the claims in this matter are subject to dismissal. As noted above, Plaintiff will be given time in which to file an amended complaint that cures the deficiencies identified in this order. If Plaintiff chooses to file an amended complaint and wishes to state a plausible claim for unconstitutional denial of access to the courts, he must specifically identify an arguable, nonfrivolous claim of the appropriate type that was frustrated or hindered by the inadequate legal assistance facility at SCDF.

Relatedly, Plaintiff must allege with greater specificity the inadequacies of the law library at SCDF and explain how those inadequacies frustrated or hindered his claim. Through the complaint, Plaintiff uses general terms to describe the shortcomings of the law library; he refers to it as out-of-date, incomplete, "not functional," and inadequate. (Doc. 4, p. 2-3.) He also asserts that the "[d]igital law library did not function fully and did not contain adequate and access[i]ble

laws and rules." *Id.* at 2. As noted above, "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *See Hall*, 935 F.2d at 1110. If Plaintiff chooses to file an amended complaint, he should ensure that he describes therein the specific inadequacies he encountered in the SCDF law library.

### C.  Relief Requested

Plaintiff seeks both monetary damages and injunctive relief. Plaintiff's request for compensatory damages is barred by 42 U.S.C. 1997e(e) because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). Thus, Plaintiff's request for monetary damages is subject to dismissal.

### IV.  Amended Complaint Required

To avoid dismissal of this action, Plaintiff is required to submit an amended complaint, on the required court-approved form, that cures the deficiencies identified in this order. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply a supplement to the original complaint; instead it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. In other words, Plaintiff may not simply refer in the amended complaint to his original complaint or the exhibits thereto. The amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (24-3190-JWL) at the top of the first page of

the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege facts that, if true, demonstrate a plausible claim for relief. If Plaintiff does not timely file an amended complaint that cures the deficiencies discussed herein, this matter will be dismissed without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted to and including **January 6, 2025,** in which to submit a complete and proper amended complaint that cures the deficiencies discussed herein. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated December 2, 2024, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**