## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BENJAMIN WALLACE WILSON**

      **Plaintiff,**

      **v.**                              **CASE NO. 24-3190-JWL**

**JEFF EASTER, et al.,**

      **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff Benjamin Wallace Wilson, who is currently incarcerated at the Marshall County Jail in Marysville, Kansas, began this pro se action under 42 U.S.C. § 1983 by filing a complaint in October 2024. (Doc. 1.) Plaintiff also filed a motion for leave to proceed in forma pauperis. (Doc. 2.) On November 25, 2024, the Court granted the motion and assessed an initial partial filing fee of $1.50, due on or before December 9, 2024. (Doc. 5.) The Court advised Plaintiff that "[a]ny objection to this order must be filed on or before the date payment is due" and further cautioned Plaintiff that "[t]he failure to pay the fee as directed may result in the dismissal of this matter without further notice." *Id.* As of the date of this order, the Court has not received the initial partial filing fee or anything further from Plaintiff.

Moreover, on December 2, 2024, the Court issued a memorandum and order identifying deficiencies in the complaint that left this matter subject to dismissal in its entirety. (Doc. 6.) The Court granted Plaintiff to and including January 6, 2025, in which to submit a complete and proper amended complaint that cures the deficiencies. *Id.* at 9. The Court cautioned Plaintiff that if he "does not timely file an amended complaint that cures the deficiencies discussed herein, this matter will be dismissed without further prior notice to Plaintiff." *Id.* As of the date of this order, the Court has not received an amended complaint from Plaintiff.

1

The deadlines for Plaintiff to pay the initial partial filing fee and submit an amended complaint have passed and Plaintiff has not complied with either, nor has he filed anything further in this matter. Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Because Plaintiff has failed to comply with court orders, the Court concludes that this matter should be dismissed without prejudice under Rule 41(b).

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice** under Fed. R. Civ. P. 41(b) for failure to comply with a court order.

**IT IS SO ORDERED**.

Dated on this 14th day of January, 2025, in Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge